FILED by **MS** D.C.

Mar 12, 2018

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. – MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **18-20173-CR-MORENO/LOUIS**

31 U.S.C. § 5318(h)(2)
31 U.S.C. § 5322

UNITED STATES OF AMERICA

v.

**ELEMETAL, LLC,**
d/b/a "Elemetal,"
d/b/a "NTR Metals,"

Defendant.
_____/

## INFORMATION

The United States Attorney charges that:

### COUNT 1
### Failure to Maintain an Adequate Anti-Money Laundering Program
### (31 U.S.C. §§ 5318(h)(2) & 5322)

Beginning in or around September 2012, and continuing through on or about November 2016, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**ELEMETAL, LLC,**
d/b/a "Elemetal,"
d/b/a "NTR Metals,"

together with others, did willfully fail to develop, implement and maintain an anti-money laundering program reasonably designed to prevent **ELEMETAL, LLC, d/b/a "Elemetal," d/b/a "NTR Metals,"** a domestic financial institution and precious metals dealer, from being used to facilitate money laundering, in violation of the Bank Secrecy Act, Title 31, United Code, Sections 5318(h)(2) and 5322, and regulations issued thereunder, specifically, Title 31, Code of Federal Regulations, Section 1027.210.

1.      Specifically, the defendant, **ELEMETAL, LLC, d/b/a "Elemetal," d/b/a "NTR Metals,"** willfully failed to incorporate policies, procedures, and internal controls:

(i)     based upon defendant's assessment of the money laundering risks associated with its lines of business, taking into account all relevant factors including, but not limited to: (A) the types of products the defendant buys and sells, as well as the nature of the defendant's customers, suppliers, distribution channels, and geographic locations; and (B) the extent to which the defendant engages in transactions other than with established customers or sources of supply, or other dealers subject to this rule; and

(ii)    to assist the defendant in identifying transactions that may involve use of the defendant to facilitate money laundering, including provisions for making reasonable inquiries to determine whether a transaction involves money laundering, and for refusing to consummate, withdrawing from, or terminating such transactions, taking into account factors including, but not limited to: (A) Unusual payment methods, such as the use of large amounts of cash, multiple or sequentially numbered money orders, traveler's checks, or cashier's checks, or payment from third parties; (B) Unwillingness by a customer or supplier to provide complete or accurate contact information, financial references, or business affiliations; (C) Attempts by a customer or supplier to maintain an unusual degree of secrecy with respect to the transaction, such as a request that normal business records not be kept; (D) Purchases or sales that are unusual for the particular customer or supplier, or type of customer or supplier; and (E) Purchases or sales that are not in conformity with standard industry practice.

2.      Specifically, the defendant, **ELEMETAL, LLC, d/b/a "Elemetal," d/b/a "NTR Metals,"** willfully failed to develop, implement and maintain an anti-money laundering program

reasonably designed to prevent **ELEMETAL, LLC, d/b/a "Elemetal," d/b/a "NTR Metals,"** from being used to facilitate money laundering, in that it:

(i) Accepted gold from persons and entities without requesting or obtaining adequate, or in some instances any, identification and information regarding those persons or the source of their gold, including from:

a. Third-parties in foreign countries directly providing gold to the defendant on consignment to the defendant's approved customers;

b. Third-parties in foreign countries who the defendant knew to be supplying gold to the defendant's approved domestic customers; and

c. Third-parties in foreign countries who appeared as the manufacturer or shipper of the gold on U.S. customs declarations;

(ii) Accepted gold from foreign gold suppliers who represented themselves to be "gold collectors," a vague business that involves nothing more specific than someone who buys gold from others without requesting or obtaining adequate, or in some instances any, information as to the source and origin of gold;

(iii) Accepted gold from countries and customers where the defendant's country-by-country and customer-by-customer sales volume records indicated that gold was likely being smuggled across borders in response to law-enforcement crackdowns and that customers were using rotating front companies, without requesting or obtaining adequate, or in some instances any, follow-up information as to the source and origin of gold;

(iv) Accepted gold from specific customers and suppliers where open-source and publicly available information indicated that those specific customers and suppliers

3

were supplying criminally derived gold, without requesting or obtaining adequate, or in some instances any, follow-up information as to the source and origin of gold;

(v) Failed to request or obtain adequate, or in some instances any, follow-up information as to the source and origin of gold where open-source and publicly available information indicated that the defendant or the defendant's agents were purchasing criminally derived gold;

(vi) Failed to request, obtain, preserve adequate, or in some instances any, information regarding the content of communications between gold suppliers and the defendant's agents occurring on encrypted, peer-to-peer chat services, such as WhatsApp or Skype.

All in violation of the Bank Secrecy Act, Title 31, United Code, Sections 5318(h)(2) and 5322, and regulations issued thereunder, specifically, Title 31, Code of Federal Regulations, Section 1027.210.

_____
RANDY A. HUMMEL
ATTORNEY FOR THE UNITED STATES,
ACTING UNDER AUTHORITY CONFERRED
BY 28 U.S.C. § 515

_____
FRANCISCO R. MADERAL
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

vs.

ELEMETAL LLC, d/b/a "Elemetal,"
d/b/a "NTR Metals,"

Defendant.
_____/

CASE NO. 18-20173-CR-Moreno/Louis

**CERTIFICATE OF TRIAL ATTORNEY***

**Superseding Case Information:**

**Court Division**: (Select One)

_X_ Miami ___ Key West
___ FTL ___ WPB ___ FTP

New Defendant(s)         Yes ___   No ___
Number of New Defendants ___
Total number of counts   ___

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:   (Yes or No)   _No_
   List language and/or dialect

4. This case will take  _0_  days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)                          (Check only one)

   I    0 to 5 days     _X_        Petty      ___
   II   6 to 10 days    ___        Minor      ___
   III  11 to 20 days   ___        Misdem.    ___
   IV   21 to 60 days   ___        Felony     _X_
   V    61 days and over ___

6. Has this case been previously filed in this District Court? (Yes or No)  _No_
   If yes:
   Judge: _____   Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?   (Yes or No)   _No_
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____  District of _____

   Is this a potential death penalty case? (Yes or No)   _No_

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?  ___ Yes  _X_ No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?  ___ Yes  _X_ No

                                        _____
                                        FRANCISCO R. MADERAL
                                        ASSISTANT UNITED STATES ATTORNEY
                                        Florida Bar No./Court No. 0041481

*Penalty Sheet(s) attached                                    REV 10/2013

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** ELEMETAL, LLC, d/b/a "Elemetal," d/b/a "NTR Metals"

**Case No:**

Count #: 1

Failure to Maintain an Adequate Anti-Money Laundering Program

Title 31, United States Code, Sections 5318(h)(2) & 5322

**\*Max. Penalty:** 5 Years' Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**