UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-20173-CR-MORENO

UNITED STATES OF AMERICA

vs.

ELEMETAL, LLC

Defendant.
_____/

## PLEA & FORFEITURE AGREEMENT AS TO ELEMETAL, LLC

The United States Attorney's Office for the Southern District of Florida (the "Office") and ELEMETAL, LLC ("Elemetal"), a limited liability company organized and existing under the laws of the state of Delaware, pursuant to authority granted by Elemetal's Board of Managers, enter into the following agreement (the "Agreement"):

### Criminal Information and Acceptance of Responsibility as to Elemetal

1.  Elemetal acknowledges and agrees that this Office will file a one-count criminal Information in the United States District Court for the Southern District of Florida charging Elemetal with Failure to Maintain an Adequate Anti-Money Laundering Program, in violation of Title 31, United States Code, Sections 5318 and 5322 (the "Information"). In so doing, Elemetal: (a) knowingly waives its right to indictment on this charge, as well as all rights to a speedy trial pursuant to the Sixth Amendment to the United States Constitution, Title 18, United States Code, Section 3161, and Federal Rule of Criminal Procedure 48(b); and (b) knowingly waives, for the purposes of this Agreement, any objection with respect to venue and consents to the filing of the Information, as provided under the terms of this Agreement, in the United States District Court for the Southern District of Florida.

2. Elemetal agrees to plead guilty to the one count Information, which count charges Elemetal with Failure to Maintain an Adequate Anti-Money Laundering Program, in violation of Title 31, United States Code, Sections 5318 and 5322.

3. Elemetal admits, accepts, and acknowledges that it is responsible under United States law for the acts of its officers, directors, employees, and agents as set forth in the attached Statement of Facts, and that the facts described in the attached Factual Proffer (or "Statement of Facts") are true and accurate. Should Elemetal fail to plead guilty to the one-count Information or withdraw its guilty plea to the same, Elemetal stipulates to the admissibility of the attached Statement of Facts in any proceeding, including any trial, guilty plea, or sentencing proceeding, and will not contradict anything in the attached Statement of Facts at any such proceeding.

## **Sentencing of Elemetal**

4. Elemetal is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). Elemetal acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. Elemetal is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. Elemetal is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less

severe than the Sentencing Guidelines' advisory range. Knowing these facts, Elemetal understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 2 and that Elemetal may not withdraw the plea solely as a result of the sentence imposed.

5. Elemetal understands and acknowledges that the Court may impose a term of probation of no less than one nor more than five years. In addition to a term of probation, the Court may impose a fine of not more than the greatest of: (i) $250,000; (ii) twice the gross gain derived from the offense by any person; or, (iii) twice the gross loss to a person other than the defendant resulting from the offense, all pursuant to Title 18, United States Code, Section 3571(c).

6. Elemetal further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this Agreement, a special assessment in the amount of $400 will be imposed on Elemetal. Elemetal agrees that any special assessment imposed shall be paid at the time of sentencing.

7. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning Elemetal and Elemetal's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this Agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

8. This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to Elemetal's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon Elemetal's recognition and affirmative and timely acceptance of responsibility. If at the time of sentencing Elemetal's offense level is

determined to be 16 or greater, this Office will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that Elemetal timely notified authorities of Elemetal's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. This Office, however, will not be required to make this motion if Elemetal: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense or making false statements or misrepresentations to any governmental entity or official.

9. <u>Effective Compliance and Ethics Program</u>. This Office and Elemetal agree that, although not binding on the probation office or the Court, they will jointly recommend that Elemetal shall be required to develop, submit to the court, and implement an effective compliance and ethics program consistent with Guidelines Section 8B2.1 and the Bank Secrecy Act, and that such program will include, among other things, a requirement that Elemetal will employ a full-time, anti-money laundering compliance director with, at a minimum, a bachelor's degree and five years' anti-money laundering compliance experience at banking or broker/dealer financial institution, who will report directly to the highest ranking Elemetal executive.

10. <u>Monetary Penalty</u>. This Office and Elemetal agree that, although not binding on the probation office or the Court, they will jointly recommend that a monetary forfeiture judgment in the amount of $15,000,000, as set forth in more detail below, be entered against Elemetal in lieu of a fine as the appropriate monetary penalty.

11. <u>Term and Conditions of Probation</u>. This Office and Elemetal agree that, although not binding on the probation office or the Court, they will jointly recommend that Elemetal be sentenced to a five-year term of probation which shall include, but not necessarily be limited to, the following conditions:

  a. Elemetal and its wholly and partially owned subsidiaries (collectively, the "Elemetal Entities"), shall not purchase precious metals outside the United States, directly or indirectly through third parties. For purposes of this paragraph, "precious metals" has the same definition as that phrase has in Title 31, Code of Federal Regulations, Section 1027.100.

  b. The Elemetal Entities shall cooperate fully with the Office in any and all matters relating to the conduct described in this Agreement and the attached Statement of Facts, which cooperation shall include, but not be limited to, the following:

   i. Elemetal shall truthfully disclose all factual information not protected by a valid claim of attorney-client privilege or attorney work product doctrine with respect to its activities, those of the Elemetal Entities, and those of their present and former directors, officers, employees, agents, and consultants, including any evidence or allegations and internal or external investigations, about which Elemetal has any knowledge or about which the Office may inquire. This obligation of truthful disclosure includes, but is not limited to, the obligation of Elemetal to provide to the Office, upon request, any document, record or other tangible evidence about which the Office may inquire of Elemetal.

   ii. Elemetal shall use its best efforts to make available for interviews or testimony, as requested by the Office, present or former officers, directors,

employees, agents and consultants of the Elemetal Entities. This obligation includes, but is not limited to, sworn testimony before a federal grand jury or in federal trials, as well as interviews with domestic or foreign law enforcement and regulatory authorities. Cooperation under this Paragraph shall include identification of witnesses who, to the knowledge of Elemetal, may have material information regarding the matters under investigation.

c.  The Elemetal Entities shall promptly report any evidence or allegation of a violation of U.S. federal law to the Office and the Court.

d.  Elemetal shall make all forfeiture payments in the amounts and at the times set forth in this Agreement.

e.  The conditions of probation set forth in Guidelines Sections 8D1.3(a) and 8D1.4(b)(1)-(4).

12. Elemetal is aware that the sentence has not yet been determined by the Court. Elemetal also is aware that any estimate of the probable sentencing range or sentence that Elemetal may receive, whether that estimate comes from Elemetal's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court. Elemetal understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. Elemetal understands and acknowledges, as previously acknowledged in paragraph 3 above, that Elemetal may not withdraw its plea based upon the Court's decision not to accept a sentencing recommendation made by Elemetal, this Office, or a recommendation made jointly by Elemetal and this Office.

13. Elemetal is aware that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291 afford Elemetal the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, Elemetal hereby waives all rights conferred by Sections 3742 and 1291 to appeal any sentence imposed, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. Elemetal further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the government appeals Elemetal's sentence pursuant to Sections 3742(b) and 1291, Elemetal shall be released from the above waiver of appellate rights. By signing this agreement, Elemetal acknowledges that Elemetal has discussed the appeal waiver set forth in this agreement with Elemetal's attorney.

**Forfeiture**

14. As a result of Elemetal's conduct, including the conduct set forth in the attached Statement of Facts, the parties agree the Office can institute an administrative or civil forfeiture action against certain funds held by the Company and that such funds would be forfeitable pursuant to Title 18, United States Code, Section 982. Elemetal hereby acknowledges that at least $15,000,000.00 was involved in criminal violations as set forth in the Statement of Facts. Elemetal hereby agrees to forfeit to the United States the sum of $15,000,000.00 (the "Forfeiture Amount"); releases any and all claims it may have to such funds; and agrees to sign any additional documents necessary to complete administrative or civil forfeiture of the funds. Elemetal shall pay the Forfeiture Amount as follows:

a. $1,000,000.00 in United States currency upon execution of the Agreement, payment of which has been acknowledged by the Office.

b. A set off credited against Forfeiture Amount the value of which shall be equal to the fair market value of any gold seized by, and in possession of the Republic of Peru, against which Elemetal maintains a legal claim(s), to the extent Elemetal fully and voluntarily and forever forfeits such claim(s) to the Republic of Peru. The "fair market value" shall be the total weight of gold forfeited times the 30-day LBMA average gold price as of March 2, 2018, but cannot exceed $10,000,000.00 U.S. Dollars. It shall be Elemetal's burden to produce evidence establishing the amount of any set-off hereunder.

c. Semi-annual equal payments of the balance of the Forfeiture Amount (i.e., $15,000,000.00 less (a) and (b) above, as applicable) during Elemetal's term of probation (i.e., 5 years), with the first such payment due six months from the first day of Elemetal's term of probation.

15. Elemetal also agrees to entry of a protective order over real properties owned in the name of any Elemetal Entity (the "restrained real properties") sufficient to satisfy the unpaid portion of the Forfeiture Amount until such time as the Forfeiture Amount is paid in full pursuant to the terms set forth in this paragraph. In the event the Forfeiture Amount remains unpaid at the end of Elemetal's probation period, the Government shall have the right to proceed with forfeiture of the restrained real properties. The Office, in its sole discretion, shall identify the restrained real properties sufficient to satisfy the unpaid portion of the money judgement.

## Resolution of Criminal Liability

16. This Office agrees, except as provided herein, that this Agreement resolves any criminal liability against the Elemetal Entities arising from any and all matters relating to the conduct described in this Agreement and the attached Statement of Facts, including but not limited to: laundering of monetary instruments, in violation of 18 U.S.C. § 1956, engaging in monetary transactions in property derived from specified unlawful activity, 18 U.S.C. § 1957, interstate and foreign travel or transportation in aid of racketeering enterprises, 18 U.S.C. § 1952, entry of goods by means of false statements, in violation of 18 U.S.C. § 542, willful violation of Title 31, United States Code, Chapter 53, Subchapter II and regulations and orders issued thereunder, in violation of 31 U.S.C. § 5322, and conspiracy to commit all of the proceeding, in violation of 18 U.S.C. §§ 371 and 1956.

17. The Office, however, may use any information related to the conduct described in the Statement of Facts against Elemetal in a prosecution for perjury, obstruction of justice, or making a false statement.

18. This, resolution of criminal liability does <u>not</u>: (1) provide any protection against prosecution for any future conduct by any of the Elemetal Entities; (2) resolve any individual criminal liability on the part of any person, including any Elemetal Entities officer, director, employee, agent, or owner; or, (3) apply to, bind, or restrict in any way any other United States Attorney's Office, Department of Justice component, or federal department or agency.

19. In the event Elemetal violates any term of this Agreement or is found to have violated any condition of its probation, regardless of whether any Elemetal Entity is subject to or covered by any bankruptcy petition or proceeding, this resolution of criminal liability shall be null and void, and the Elemetal Entities shall be deemed to have waived any statute of limitations

defenses regarding any crimes arising from any and all matters relating to the conduct described in this Agreement and the attached Statement of Facts, including but not limited to: laundering of monetary instruments, in violation of 18 U.S.C. § 1956, engaging in monetary transactions in property derived from specified unlawful activity, 18 U.S.C. § 1957, interstate and foreign travel or transportation in aid of racketeering enterprises, 18 U.S.C. § 1952, entry of goods by means of false statements, in violation of 18 U.S.C. § 542, willful violation of Title 31, United States Code, Chapter 53, Subchapter II and regulations and orders issued thereunder, in violation of 31 U.S.C. § 5322, and conspiracy to commit all of the proceeding, in violation of 18 U.S.C. §§ 371 and 1956.

### Complete Agreement

20. This is the entire agreement and understanding between this Office and Elemetal. There are no other agreements, promises, representations, or understandings.

RANDY A. HUMMEL
ATTORNEY FOR THE UNITED STATES,
ACTING UNDER AUTHORITY CONFERRED
BY 28 U.S.C. § 515

Date: 3/16/18

By: _____
FRANCISCO R. MADERAL
ASSISTANT UNITED STATES ATTORNEY

Date: 3/16/18

By: _____
CHRISTOPHER R.J. PACE
ATTORNEY FOR ELEMETAL, LLC

ELEMETAL, LLC

Date: 3/15/18

By: _____
STEVEN LOFTUS

## COMPANY MEMBER'S CERTIFICATE

I have read this Agreement and carefully reviewed every part of it with outside counsel for Elemetal, LLC (the "Company"). I understand the terms of this Agreement and represent, on behalf of the Company, that the Company voluntarily agrees to each of its terms. Before signing this Agreement, I consulted outside counsel for the Company. Counsel fully advised me of the rights of the Company, of possible defenses, and of the consequences of entering into this Agreement.

I have carefully reviewed the terms of this Agreement with the Board of Managers of the Company. I have advised and caused outside counsel for the Company to advise the Board of Managers fully of the rights of the Company, of possible defenses, the Sentencing Guidelines' provisions, and of the consequences of entering into the Agreement.

No promises or inducements have been made other than those contained in this Agreement. Furthermore, no one has threatened or forced me, or to my knowledge any person authorizing this Agreement on behalf of the Company, in any way to enter into this Agreement. I am also satisfied with outside counsel's representation in this matter. I certify that I have been duly authorized by the Company to execute this Agreement on behalf of the Company.

Date: 3/15/18

ELEMETAL, LLC

By: _____
STEVEN LOFTUS

## CERTIFICATE OF CORPORATE RESOLUTIONS

WHEREAS, ELEMETAL, LLC (the "Company") has cooperated with the United States Attorney's Offices for the Southern District of Florida (the "Office") in the Office's investigation of money laundering activity involving the importation of gold into the United States and the failure of the Company's anti-money laundering compliance program to detect such international money laundering; and

WHEREAS, in order to resolve the investigation as to the Company and its subsidiaries, it is proposed that the Company enter into a Plea and Forfeiture Agreement with the Office (the "Agreement"); and

WHEREAS, counsel for the Company have advised the Board of Managers of the Company of the Company's rights, possible defenses, the Sentencing Guidelines' provisions, and the consequences of entering into such agreement with the Office;

Therefore, the Board of Managers have RESOLVED that:

1. The Company (a) acknowledges the filing of the one-count Information charging the Company with a violation of Title 31, United States Code, Sections 5318 and 5322(a); (b) waives indictment on such charge and enters into the Agreement with the Office; and (c) agrees to comply with the terms of the Agreement, including guaranteeing the forfeiture of $15,000,000.00, as specified in, and on the terms set forth by, the Agreement.

2. STEVEN LOFTUS is hereby authorized, empowered and directed, on behalf of the Company, to execute the Agreement substantially in such form as reviewed by the Board of Managers of the Company at this meeting with such changes as STEVEN LOFTUS may approve;

3. STEVEN LOFTUS is hereby authorized, empowered and directed to take any and all actions as may be necessary or appropriate and to approve the forms, terms or provisions of

any agreement or other documents as may be necessary or appropriate, to carry out and effectuate the purpose and intent of the foregoing resolutions; and

4. All of the actions of STEVEN LOFTUS which actions would have been authorized by the foregoing resolutions except that such actions were taken prior to the adoption of such resolutions, are hereby severally ratified, confirmed, approved, and adopted as actions on behalf of the Company.

Date: 3/15/18

ELEMETAL, LLC

By: _____
STEVEN LOFTUS